Steven M. Swirsky
Patrick G. Brady
Jennifer M. Horowitz
EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, New York  10022
Tel: 212.351.4500
sswirsky@ebglaw.com
pbrady@ebglaw.com
jhorowitz@ebglaw.com

Attorneys *for Defendant*
*Fresh Direct, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HENRY FRANKLIN, on behalf of himself and others        :
similarly situated,                                                          :         **ECF**
                                                                                         :
                                            Plaintiffs,                   :         Case No.: 1:20-CV-10495
                                                                                         :
                           - against -                                     :
                                                                                         :
VERTEX GLOBAL SOLUTIONS, INC. and FRESH        :
DIRECT, LLC,                                                          :
                                                                                         :
                                            Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT FRESH DIRECT, LLC TO DISMISS THE AMENDED COMPLAINT

---

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

PRELIMINARY STATEMENT ......................................................................................... 1

BACKGROUND PROCEDURE AND FACTS .......................................................... 3

LEGAL ARGUMENT ....................................................................................................... 6

I.    STANDARD OF REVIEW .................................................................................. 6

II.   PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE CLAIM
      AGAINST FRESH DIRECT UPON WHICH RELIEF CAN BE GRANTED ..................... 7

    A.  Plaintiff Has Failed To Sufficiently Allege A Claim Against
        Fresh Direct On The Basis of Joint Employer Liability ..................................... 7

    B.  The Amended Complaint Fails To Sufficiently Allege Facts To
        Support Plaintiff's Claim that Fresh Direct Should Be Liable For
        Aiding And Abetting Vertex's Alleged Discriminatory Hiring Practices ...................... 10

III.  PLAINTIFF'S COMPLAINT FAILS AS A MATTER OF
      LAW BASED ON THE DOCUMENTARY EVIDENCE .................................................. 13

CONCLUSION ................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
   464 F.3d 328 (2d Cir. 2006)...................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................6, 10, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................6, 7, 12

*Brankov v. Hazzard*,
   142 A.D.3d 445 (1st Dep't 2016) ..........................................................................7

*Conde v. Sisley Cosmetics. USA, Inc.*,
   No. 11 CIV. 4010 RJS, 2012 WL 1883508 (S.D.N.Y. May 23, 2012) ...................................12

*Duff v. Pristine Servs., Inc.*,
   No. 19-CV-10423 (RA), 2021 WL 663981 (S.D.N.Y. Feb. 19, 2021) ...................................10

*EEOC v. Port Auth. of N.Y. & N.J.*,
   768 F.3d 247 (2d Cir. 2014)...................................................................................6

*Farmer v. Shake Shack Enters., LLC*,
   473 F. Supp. 3d 309 (2020) ................................................................................10

*Feingold v. New York*,
   366 F.3d 138 (2d Cir. 2004)................................................................................11

*Felder v. United States Tennis Ass'n Inc.*,
   No. 17 CIV. 5045 (ER), 2018 WL 5621484 (S.D.N.Y. Oct. 30, 2018) ...................................7

*Fried v. LVI Servs., Inc.*,
   No. 10 Civ. 9308(JSR), 2011 WL 2119748 (S.D.N.Y. May 23, 2011),
   *aff'd by* 500 F. App'x 39 (2d Cir. 2012) ..........................................................11, 12

*Goodman v. Port Auth. of N.Y. & N.J.*,
   850 F. Supp. 2d 363 (S.D.N.Y. 2012)....................................................................10

*Kloppel v. Sears Holdings Corp.*,
   No. 17-CV-6296-FPG, 2018 WL 1089682 (W.D.N.Y. Feb. 28, 2018),
   *Report and Recommendation Adopted by* 2019 WL 1226017
   (W.D.N.Y. Mar. 15, 2019).......................................................................................8

*Lima v. Addeco*,
  634 F. Supp. 2d 394 (S.D.N.Y. 2009), *aff'd sub nom.*
  *Lima v. Adecco &/or Platform Learning, Inc.,* 375 F. App'x 54 (2d Cir. 2010) ...................8

*McHenry v. Fox News Network, LLC*,
  No. 19 CIV. 11294 (PAE), 2020 WL 7480622 (S.D.N.Y. Dec. 18, 2020) ...........................11

*Nieto v. Vill. Red Rest. Corp.*,
  No. 17-CIV. 2037, 2017 WL 4539327 (S.D.N.Y. Oct. 10, 2017).........................................10

*Parker v. Equinox Holdings, Inc.*,
  2020 WL 899668 (S.D.N.Y. July 27, 2020) ........................................................................10

*Sosa v. Medstaff, Inc.*,
  No. 12 CIV. 8926 NRB, 2013 WL 6569913 (S.D.N.Y. Dec. 13, 2013) ..................................8

*Vega v. Hempstead Union Free Sch. Dist.*,
  801 F.3d 72 (2d Cir. 2015)....................................................................................................6

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)............................................................................................................13

*White v. Pacifica Found.*,
  973 F. Supp. 2d 363 (S.D.N.Y. 2013)..................................................................................12

*Yousef v. Al Jazeera Media Network*,
  No. 16-CV-6416 (CM), 2018 WL 6332904 (S.D.N.Y. Oct. 31, 2018) ..................................8

## Rules and Statutes

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 6

N.Y.C. Admin. Code § 2-04(e)(3)(ii) ...................................................................................14

N.Y.C. Admin. Code § 8-107(11-a) ..................................................................................1, 13

N.Y. Corr. Law § 753(1)......................................................................................................2

## Other Authorities

https://www1.nyc.gov/site/cchr/law/fair-chance-act.page......................................................13, 14

## PRELIMINARY STATEMENT

Defendant Fresh Direct LLC ("Fresh Direct") submits this memorandum of law in support of its motion brought pursuant Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Henry Franklin's Amended Complaint for failure to state a claim. The undisputed record evidence submitted by Plaintiff and Defendant Vertex Global Solutions, Inc. ("Vertex") establishes that: Plaintiff applied for employment with Vertex; received a conditional offer of employment from Vertex; thereafter he executed a consent for a background check provided to him by Vertex and completed a Vertex form advising Vertex that he had not been convicted of a crime; the criminal background report commissioned by Vertex showed that Plaintiff had been convicted of the crime of second degree murder and had been released from prison only six months before his application for employment with Vertex; and Vertex withdrew its conditional offer of employment because Plaintiff misrepresented his criminal conviction history.

The Amended Complaint is bereft of any factual allegations that tie Fresh Direct to Plaintiff's application for employment with Vertex. The pleadings show that Fresh Direct had no involvement in Plaintiff's application for employment with Vertex. Yet, Plaintiff seeks to implicate Fresh Direct in this lawsuit alleging non-compliance under the New York City Fair Chance Act (the "FCA") based upon gossamer-like legal theories of joint employer and aiding and abetting acts of discrimination which allegedly violate the New York City Human Rights Law ("NYCHRL"). Neither theory of recovery is supported by the pleadings which are punctuated with legal conclusions, speculation, and surmise.

In the Amended Complaint, Plaintiff asserts that Defendants violated the provisions of the FCA which prohibit employers from conducting inquiries into job applicants' criminal conviction histories before extending conditional offers of employment, *see* N.Y.C. Admin. Code § 8-107(11-a)(a)(1)(3). Plaintiff also alleges that Defendants acted unlawfully by denying him and other

members of the two classes proposed in the Amended Complaint employment on the basis of their

conviction histories without conducting an Article 23-A[1] analysis.  The Amended Complaint is

replete with conclusions, but no facts whatsoever, to support Plaintiff's incorrect conclusory

allegations that:  (1) Plaintiff applied for employment with Fresh Direct, as opposed to Vertex; (2)

Fresh Direct and Vertex were joint prospective employers; and/or (3) Fresh Direct engaged in

unlawful discriminatory hiring practices or aided and abetted purported discriminatory conduct by

Vertex.  Simply stated, there are no facts alleged in the Amended Complaint of any conduct by

Fresh Direct sufficient to impose liability on Fresh Direct, regardless of whether Plaintiff seeks

liability against Fresh Direct as a joint employer or for purportedly aiding and abetting Vertex's

hiring practices or with respect to Fresh Direct's own hiring practices.  Because there are no factual

allegations implicating Fresh Direct, but rather only Plaintiff's speculative conclusions, the

Amended Complaint against Fresh Direct cannot stand.

    The premise of Plaintiff's Amended Complaint *i.e.,* that Defendants violated the FCA by

extending Plaintiff a "sham" conditional offer before obtaining consent to conduct a criminal

background check, is also unsupported by the irrefutable documentary evidence annexed by

Plaintiff to the Amended Complaint and submitted by Vertex in support of its Motion to Dismiss.

Plaintiff's allegation in the Amended Complaint that the FCA imposes some unspecified interview

---

[1] The FCA requires an employer to examine each applicant for employment on an individualized basis and weigh the eight factors set forth in Article 23-A of the New York State Corrections Law ("Article 23-A"), which include: (1) New York's public policy encourages the employment of individuals with prior criminal convictions; (2)  the specific duties and responsibilities of the position being sought; (3)  the bearing, if any, the applicant's criminal offense(s) have on his/her fitness or ability to perform one or more such duties or responsibilities; (4) the time that has elapsed since the occurrence of the criminal offense(s) (*i.e.*, how long it has been since the applicant committed the offense, not how long it has been since he/she was convicted or released from incarceration; (5) the age of the applicant at the time the criminal offense(s) were committed; (6) the seriousness of the offense(s); (7) any information produced by the applicant, or on his/her behalf, with regard to his/her rehabilitation and good conduct; and (8) the Company's legitimate interest in protecting property, and the safety and welfare of specific individuals or the general public.  N.Y. Corr. Law § 753(1).  As set forth in Point II and Vertex's Memorandum of Law, an employer need not consider the Article 23-A factors where, as here, an applicant, after receiving a conditional offer of employment, misrepresents prior criminal convictions.

and pre-conditional offer screening requirements on an employer is not borne out by the plain language in the FCA or the New York City Commission on Human Rights Legal Enforcement Guidance on the FCA (the "Guidance").  For example, the FCA does not contain any mandatory interview, screening or other requirements an employer must satisfy prior to extension of a conditional offer.  While Plaintiff might prefer that Vertex had conducted some additional due diligence prior to extending him a conditional offer, such as by checking employment history and references or conducting a drug screen, neither the FCA nor the Guidance requires it to do so.

Further, Plaintiff falsely represented on his post-conditional offer authorization form that he had never been convicted of a crime.  Plaintiff's dishonesty is an absolute bar to his allegations of discriminatory hiring practices in violation of the FCA and excuses Vertex from having to consider the Article 23-A factors.  Plaintiff lied, checking the box that he has never been convicted of a crime, when in fact he had been previously convicted of second-degree murder, sentenced to 15 years to life and released from prison on June 4, 2018, just six months prior to his application for employment with Vertex.  Plaintiff's conduct, not that of Vertex or Fresh Direct, cost him the employment opportunity with Vertex.  For all the reasons stated below and in Vertex's Memorandum of Law in Support of Vertex's Motion to Dismiss, which Fresh Direct incorporates by reference as if fully set forth herein, the Amended Complaint fails as a matter of law and should be dismissed.

## BACKGROUND PROCEDURE AND FACTS

On December 11, 2020, Plaintiff, on behalf of himself and others allegedly similarly situated, filed a Complaint against Defendants alleging violations of the FCA.  (ECF No. 1).  On April 30, 2021, both Fresh Direct and Vertex sought leave of the Court to file pre-answer Motions to Dismiss the Complaint.  (ECF Nos. 16 and 17).  Following a pre-motion conference held on May 13, 2021, the Court entered an Order permitting Plaintiff to file an Amended Complaint by

June 4, 2021, and allowing Vertex and Fresh Direct to file their respective Motions to Dismiss by July 9, 2021.  (ECF No. 23).  On June 1, 2021, Plaintiff filed his Amended Complaint. (ECF No. 24).

In the Amended Complaint, Plaintiff alleges that Vertex, a staffing agency, and Fresh Direct, a corporation specializing in food delivery to customers' homes and businesses, violated the FCA by conducting background checks on applicants at the outset of the application process, without having first made conditional offers of employment as required by the FCA.  Am. Compl. ¶¶ 4, 28.  In connection with Plaintiff's application for employment with Vertex, Plaintiff alleges that he arrived at a Fresh Direct facility in the late morning of December 6, 2018, and was given a nametag with "freshdirect Vertex" printed at the top. Am. Compl. ¶¶ 21, 22.  He alleges that after receiving his nametag, he was directed to a waiting area where other applicants were seated, and waited about forty-five minutes, until all the applicants were directed to another room upstairs, where a presenter gave a presentation to the group about working for Fresh Direct. Am.  Compl. ¶ 24.

Plaintiff further alleges that after the presentation, Vertex (not Fresh Direct) extended Plaintiff (as well as the other applicants) a conditional offer of employment.  Am. Compl.  ¶ 25, Ex. B.   Plaintiff also alleges that after he (and the other applicants) had signed the conditional offers of employment acknowledging receipt, Plaintiff executed a background check release form provided by Vertex.  Am. Compl. ¶ 24.  Plaintiff alleges that a week or two later, Plaintiff received a letter from Vertex informing him that his background check had disclosed a criminal record. Am. Compl. ¶ 26, Ex. C.   Plaintiff alleges he did not hear from Vertex again. *Id.*

As set forth in the application documents annexed to the Certification of Greg Wykoff ("Wykoff Cert."), Founder and Managing Director of Vertex, submitted by Vertex in support of Vertex's Motion to Dismiss, Vertex rescinded the conditional offer of employment because

Plaintiff lied on his background check authorization, answering "no" to the question "Have you ever been convicted of a crime?"  Wykoff Cert. ¶ 8, Ex. 4.  Contrary to Plaintiff's representation that he has never been convicted of a crime, his background check revealed that he was previously convicted of second-degree murder, sentenced to 15 years to life and released from prison on June 4, 2018, just six months prior to his application for employment with Vertex.  Wykoff Cert., Ex. 9.

Notably, there are absolutely no facts alleged in the Amended Complaint sufficient to impose liability on Fresh Direct as a joint employer and/or for aiding and abetting Vertex's alleged improper hiring practices.  The documentary evidence dispositively demonstrates that Fresh Direct was not involved in the hiring process.

For example, Plaintiff's Amended Complaint alleges and the conditional offer letter establishes that Vertex, not Fresh Direct, extended Plaintiff the conditional offer of employment with Vertex, Am. Compl. ¶ 24, Ex. B, Wykoff Cert. ¶ 6, Ex. 3;  Vertex, not Fresh Direct, obtained authorization for a background check after Plaintiff acknowledged the "sham" conditional offer, Am. Compl. ¶ 24, Wykoff Cert. ¶ 8, Ex. 4;  Vertex, not Fresh Direct, ordered a background check through Accurate Background, Wykoff Cert. ¶ 11;  Vertex, not Fresh Direct, notified Plaintiff that the background check revealed Plaintiff's prior conviction and incarceration for murder, which Plaintiff had failed to disclose, Am. Compl. ¶ 26, Ex. C; and Vertex, not Fresh Direct, did not move forward with Plaintiff's employment with Vertex.  Wykoff Cert. ¶ 13, Am. Compl. ¶ 26.  In fact, Plaintiff does not allege any action at all by Fresh Direct, but speculates that Fresh Direct must have been complicit in Vertex's purported discriminatory hiring practices because, in his opinion, it is "not plausible that Fresh Direct was not involved."  Am. Compl. ¶ 41.

## LEGAL ARGUMENT

### I.  STANDARD OF REVIEW

Nothing in the Amended Complaint details at all, let alone with requisite specificity, how Fresh Direct allegedly violated the FCA. The Amended Complaint does little more than attempt to associate Fresh Direct with the purported conduct of Vertex, which allegations against Vertex fail on their face to state a claim upon which relief may be granted.

To withstand a Rule 12(b)(6) motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A well-pled complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Instead, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  (citation omitted). "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss.'"  *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted).  While a plaintiff "need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert non-conclusory factual matters sufficient to nudge its claims across the line from conceivable to plausible." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83-84 (2d Cir. 2015) (quoting *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)) (internal citations, quotation marks and alterations omitted).

As the Court held in *Twombly,*  the pleading does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Id*. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (citation omitted).

Application of the foregoing standard must result in dismissal of the action against Fresh Direct.  For the reasons set forth below, and those stated in Vertex's Memorandum of Law in Support of Motion to Dismiss the Amended Complaint, in which Fresh Direct joins, this Court should dismiss the Amended Complaint against Fresh Direct with prejudice.

## II.    PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE CLAIM AGAINST FRESH DIRECT UPON WHICH RELIEF CAN BE GRANTED

### A.    Plaintiff Has Failed To Sufficiently Allege A Claim Against Fresh Direct On The Basis of Joint Employer Liability

To determine whether a defendant is a joint employer under the NYCHRL, courts apply an "immediate control" test, which considers whether the defendant "'had immediate control over the other company's employees,'" specifically as to "'setting the terms and conditions of the employee's work.'" *Brankov v. Hazzard,* 142 A.D.3d 445, 445-46 (1st Dep't 2016) (quotation marks omitted). Relevant factors include common authority over hiring, firing, discipline, pay, insurance, supervision and employee records. *Id.* at 446.  The "right to control the means and manner of the worker's performance is the most important factor. If such control is established, other factors are then of marginal importance." *Id.* (quotation marks and citation omitted).

Importantly, application of the joint employer doctrine in the staffing agency context, relevant here, is plausible only when the staffing agency has actually placed its employee with the third party, with whom it purportedly shares immediate control over the employee. *See Felder v. United States Tennis Ass'n Inc.,* No. 17 CIV. 5045 (ER), 2018 WL 5621484, at *4 (S.D.N.Y. Oct. 30, 2018) (dismissing failure to hire employment discrimination and retaliation complaint where

plaintiff did not allege that the third-party shared immediate control with the staffing agency, rendering joint employer liability inapplicable).  Plaintiff does not allege that Vertex ever placed Plaintiff with Fresh Direct.

Not only has Plaintiff to plead sufficient facts to hold Fresh Direct liable as a joint employer, but also he also has not pleaded any facts acts showing that an unlawful act can be attributed to Fresh Direct as a joint employer.  A finding that companies are joint employers only affects an employer's liability to the employee for *its own* actions, but not necessarily the actions of the other employer. The conduct of one joint-employer '"cannot necessarily be imputed to the other"' and '"[t]he plaintiff must still show that the joint employer knew or should have known of the [discriminatory] conduct and failed to take corrective measures within its control."' *Yousef v. Al Jazeera Media Network,* No. 16-CV-6416 (CM), 2018 WL 6332904, at *2 (S.D.N.Y. Oct. 31, 2018) (citations omitted).  *See also Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009) (quotation marks and citation omitted), *aff'd sub nom. Lima v. Adecco &/or Platform Learning, Inc.*, 375 F. App'x 54 (2d Cir. 2010) ("courts have found that even when a plaintiff establishes an entity's status as part of a joint employer, the plaintiff must still show 'that the joint employer knew or should have known of the [discriminatory] conduct and failed to take corrective measures within its control.'") (citation omitted); *See also Sosa v. Medstaff, Inc.*, No. 12 CIV. 8926 NRB, 2013 WL 6569913, at *3 (S.D.N.Y. Dec. 13, 2013) (dismissing complaint based on alleged joint employer relationship, noting that "in evaluating alleged discriminatory activity in the joint-employment context, the appropriate focus is on the actual decisionmaker—the conduct of one employer cannot necessarily be imputed to the other.") (citations omitted); *Kloppel v. Sears Holdings Corp.*, No. 17-CV-6296-FPG, 2018 WL 1089682, at *6 (W.D.N.Y. Feb. 28, 2018), *Report and Recommendation Adopted by* 2019 WL 1226017 (W.D.N.Y. Mar. 15, 2019)

(dismissing joint employer claim because "[a]bsent any such allegation [that the alleged joint employer participated in alleged unlawful conduct], the Court cannot impute HDL's conduct to Sears." *See Sosa*, No. 12 Civ. 8926 (NRB), 2013 WL 6569913, at *3 (S.D.N.Y. Dec. 13, 2013) (granting defendant's motion to dismiss a Title VII claim because 'the conduct of one [joint] employer cannot necessarily be imputed to the other.'")).

Here, the Amended Complaint does not allege any facts whatsoever that could impose liability on Fresh Direct as a prospective joint employer.  All of the paperwork associated with Plaintiff's unsuccessful application for employment are from Vertex or refer to Vertex, not Fresh Direct, including Vertex's conditional offer of employment and notice to Plaintiff that his background check had disclosed a prior criminal conviction.  Similarly, all of the allegedly unlawful discriminatory conduct, *i.e.* providing what Plaintiff labels a "sham" conditional offer, seeking authorization for a background check, and rescinding the conditional offer of employment, are based on the alleged actions of Vertex; not Fresh Direct.  Plaintiff also does not allege, nor could he, that Fresh Direct, as opposed to Vertex or the background agency utilized by Vertex, conducted the allegedly unlawful background check.  Where, as here, the staffing agency (Vertex) never placed Plaintiff with the alleged joint employer (Fresh Direct), such that the alleged joint employer had sufficient control over the Plaintiff's employment functions, the complaint must fail.

Here, the Amended Complaint further falls far short of meeting the pleading sufficiency criteria because although Plaintiff alleges "facts", no facts whatsoever are actually alleged.  For example, Plaintiff's allegation that *if* he or the putative class members performed satisfactorily as Vertex employees, Fresh Direct *might have* then subsequently formally hired them, *see* Am. Compl. ¶ 38, merely speculates what Fresh Direct might have done in the future if Vertex had hired Plaintiff.  In this same regard, there is no factual support for Plaintiff's allegation that Fresh

9

Direct "*would have* signed Plaintiff's paycheck at some point" had Vertex hired him and he subsequently was hired by Fresh Direct.  Am. Compl. ¶ 39.  Plaintiff's use of the terms "is not plausible" or the "self-evident conclusion," *see* Am. Compl. ¶¶ 41, 42, underscores the speculative nature of his claims and the complete lack of any factual support for his conclusory assertions. Such speculative allegations, without more, routinely fail to survive motions to dismiss.  *See, for example*, *Goodman v. Port Auth. of N.Y. & N.J.,* 850 F. Supp. 2d 363, 387 (S.D.N.Y. 2012) (dismissing claims based on joint employer liability because a "bare-boned assertion regarding Summit's knowledge of the alleged discriminatory conduct and failure to act does not meet the standard set forth in *Iqbal* and *Twombly*").  *See also Duff v. Pristine Servs., Inc.,* No. 19-CV-10423 (RA), 2021 WL 663981, at *4 (S.D.N.Y. Feb. 19, 2021) (dismissing complaint based on finding that the plaintiff failed to plausibly plead that Saks was her joint employer); *Nieto v. Vill. Red Rest. Corp.*, No. 17-CIV. 2037 (JCF), 2017 WL 4539327, at *3 (S.D.N.Y. Oct. 10, 2017) (granting alleged joint employer's motion to dismiss where plaintiff's complaint failed to sufficiently allege "joint employer" status, noting that the complaint did not allege facts that alleged the putative joint-employer "had the power to hire or fire, set wages, maintain employment records, control his schedule, or set his conditions of employment.");  *Parker v. Equinox Holdings, Inc.*, 2020 WL 899668 (S.D.N.Y. July 27, 2020) (dismissing complaint where plaintiff pled no facts from "which a plausible conclusion could be drawn that the Non-Employer Defendants were her joint employers").

### B.   The Amended Complaint Fails To Sufficiently Allege Facts To Support Plaintiff's Claim that Fresh Direct Should Be Liable For Aiding And Abetting Vertex's Alleged Discriminatory Hiring Practices

Plaintiff's alternative theory of liability that Fresh Direct aided and abetted Vertex's discrimination fares no better.  To make out an aiding and abetting claim, the pleadings must allege that "[defendant] 'actually participate[d] in the conduct giving rise to a discrimination claim.'"

*Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 337 (2020) (internal quotation marks omitted). *See also McHenry v. Fox News Network, LLC,* No. 19 CIV. 11294 (PAE), 2020 WL 7480622, at *22 (S.D.N.Y. Dec. 18, 2020) (dismissing allegations relating to claim that Fox Corporation aided and abetted harassment or retaliation by Fox News where the allegations are either conclusory or do not allege concrete involvement in relevant events by Fox Corporation or its employees). *See also Fried v. LVI Servs., Inc.,* No. 10 Civ. 9308(JSR), 2011 WL 2119748, at *7 (S.D.N.Y. May 23, 2011), *aff'd by* 500 F. App'x 39 (2d Cir. 2012) (the aiding and abetting provision of the NYCHRL requires '"a showing that the defendant *actually* participated in the conduct giving rise to the claim of discrimination.'") (citation omitted). The hallmarks of aiding and abetting liability are "community of purpose;" accordingly, a defendant must exhibit "direct, purposeful participation." *Id.* (internal quotation marks and citations omitted).

Here, Plaintiff's Amended Complaint fails to allege any facts to demonstrate participation or knowledge by Fresh Direct in the alleged discriminatory hiring practices. Rather, Plaintiff surmises in the Amended Complaint that "it is not plausible that the unlawful background checks imposed on Plaintiff and Class members reflected an independent decision by Vertex in which Fresh Direct was uninvolved." Am Compl. ¶ 41. Plaintiff further claims that Vertex, which "prides itself on provid[ing] customer service that will satisfy the specific requirement of individual employers" somehow implicates Fresh Direct in Vertex's hiring decisions. Am. Compl. ¶ 41. He then cites unverified employee reviews of Vertex which he claims were culled from the internet, which, with a single exception, do not even mention Fresh Direct and merely reference an opportunity for future conversion to a permanent position with a company with which Vertex had supposedly placed the poster in a temporary capacity. Am. Compl. ¶ 38. Last, even though Plaintiff alleges that Vertex's interview of him took place at a Fresh Direct facility, he does not

11

allege that any representative of Fresh Direct conducted or participated in the interview.  Vertex's application files establish that a Vertex recruiter and a Vertex staff manager interview Plaintiff. (Wykoff Cert. ¶¶ 4-6, Exs. 1-3).

None of Plaintiff's speculative allegations satisfy the *Iqbal* or *Twombly* pleading requirements sufficient to sustain the Amended Complaint against Fresh Direct.  *See, e.g., Conde v. Sisley Cosmetics. USA, Inc.,* No. 11 CIV. 4010 RJS, 2012 WL 1883508, at *6 (S.D.N.Y. May 23, 2012) (granting motion to dismiss because the Amended Complaint fails to plausibly allege that putative joint-employer Saks was even aware of the alleged discriminatory and retaliatory conduct; it fails also to allege any '"community of purpose"' with . . . [the] allegedly unlawful actions."); *Fried*, 2011 WL 2119748, at *8 (granting motion to dismiss where "the Amended Complaint contains no well-pled allegations that either Apollo or CHS, each alleged to be a joint-employer, directly participated in any of the purported discriminatory actions against the plaintiff.").

Additionally, because Vertex's alleged actions do not give rise to any discrimination claim, *see* Vertex's brief and Point III below, Plaintiff's aiding and abetting claim against Fresh Direct also is legally insufficient and must be dismissed.  *White v. Pacifica Found.*, 973 F. Supp. 2d 363, 377-78 (S.D.N.Y. 2013) (requiring a primary violation of the NYCHRL to support aiding-and-abetting liability).[2]

---

[2] Plaintiff's Amended Complaint should also be dismissed because it lacks sufficient allegations such that Plaintiff could adequately represent the putative Fresh Direct class.  Plaintiff defines the Fresh Direct class to include:

> All individuals who applied to work for Fresh Direct in New York City, either directly or through a third party vendor, who, during the applicable three-year limitations period, (1) were denied employment and (2)  had a background check undertaken on them, or were exposed to any declaration that one would be undertaken, without first receiving a conditional offer.

Am. Compl. ¶ 44.  In the Amended Complaint, Plaintiff alleges that he submitted an application for employment with Vertex, not Fresh Direct, and that if Vertex hired him and his employment by Vertex was satisfactory, Fresh Direct might at some future time hire him as its employee. Am Compl., ¶¶ 41, 42.  Because Plaintiff does not allege that he

### III.   PLAINTIFF'S COMPLAINT FAILS AS A MATTER OF LAW BASED ON THE DOCUMENTARY EVIDENCE

Fresh Direct refers to the Wykoff Cert. as if fully set forth herein and joins in the arguments set forth in Vertex's Memorandum of Law Submitted in Support of Vertex's Motion to Dismiss, dated July 9, 2021.  To summarize, dismissal against Fresh Direct is also warranted for the same reasons dismissal is appropriate against Vertex; namely:  (1) the documentary evidence establishes that Vertex provided Plaintiff with a conditional offer of employment prior to Plaintiff signing a background check release form; (2) neither the FCA, nor the Guidance, imposes any requirement on an employer to engage in any specific pre-screening interview process prior to extending a conditional offer of employment; and (3) the Guidance explicitly permits an employer to rescind a conditional offer for reasons unrelated to criminal convictions, such as failure to truthfully disclose prior criminal convictions, as Plaintiff failed to do in this case.

While Plaintiff may wish that the FCA required an employer to conduct an extensive interview, review employment references, analyze drug screen results and/or consider other unspecified specific criteria prior to extending an applicant a conditional offer of employment, the FCA does not impose any such requirements.  N.Y.C. Admin. Code § 8-107(11-a).  Additionally, the FCA and the applicable Guidance contemplate that an employer may rescind a conditional offer of employment based on facts the employer could not have reasonably known before it extended the conditional offer if, based on the information, the employer would not have made the offer and the employer can show the information is material to job performance.  *See* https://www1.nyc.gov/site/cchr/law/fair-chance-act.page.

---

applied for employment by Fresh Direct, Plaintiff's claims and defenses cannot be typical of the claims and defenses of the proposed Fresh Direct class.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011).

Further undermining Plaintiff's baseless assertion of pre-conditional offer requirements, the Guidance explains that the FCA does not "prevent employers from otherwise looking into an applicant's background and experience to verify her or his qualifications for a position, including asking for resumes and references and performing general Internet searches (e.g., Google, LinkedIn, etc.)," but it does *not* require that an employer do so. https://www1.nyc.gov/site/cchr/law/fair-chance-act.page. *See* also Vertex's Memorandum of Law in Support of Motion to Dismiss, at Point II.   In short, Plaintiff asks this Court to amend the FCA to impose requirements on Defendants that do not exist in the statute, which the Court may not do.

Another absolute bar to this action is that the protections afforded under the FCA do not extend to applicants who fail to accurately disclose their criminal conviction history.  The FCA Guidance, in section V(C)(ii), entitled "Handling Applicants' Misrepresentations of Their Conviction Histories," explains:

> If an applicant cannot or does not demonstrate that any discrepancy between the information she or he disclosed and the employer's background report is due to an error, the employer can choose not to hire the individual based on the applicant's misrepresentation. It need not evaluate the applicant's record under Article 23-A.

*See also* N.Y.C. Admin. Code § 2-04(e)(3)(ii).  Here, Plaintiff's misrepresentation resulted in the rescission of his conditional offer of employment.  *See* Vertex's Memorandum of Law in Support of Motion to Dismiss, at Point III.

## CONCLUSION

Based on the foregoing and for the reasons set forth in Vertex's Motion to Dismiss, Fresh Direct respectfully requests that the Court grant its Motion to Dismiss the Amended Complaint for

failure to state a claim upon which relief may be granted, and grant such other and further relief to

Fresh Direct that the Court deems appropriate.


Dated: New York, New York
        July 9, 2021

EPSTEIN BECKER & GREEN, P.C.


By:     /s/ Steven M. Swirsky
        Steven M. Swirsky, Esq.
        Patrick G. Brady, Esq.
        Jennifer M. Horowitz, Esq.
        875 Third Avenue
        New York, New York 10177
        sswirsky@ebglaw.com
        pbrady@ebglaw.com
        jhorowitz@ebglaw.com
        (212) 351-4500
        *Attorneys for Defendant Fresh Direct, LLC*